**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BRIANNA RENEE WOODHOUSE, | § | |
| *Plaintiff* | § | |
| | § | |
| -vs- | § | |
| | § | SA-20-CV-01113-XR |
| BIRD RIDES, INC., JOHN 1-10 DOES, | § | |
| XYZ CORPORATIONS 1-10,  BIRD CO., | § | |
| JANE 1-10 DOES, | § | |
| *Defendant* | § | |

## <u>ORDER</u>

On this date, the Court considered (1) Plaintiff's motion for leave to file an amended complaint (ECF No. 23) and Defendant Bird Rides, Inc.'s ("Defendant" or "Bird") response in opposition (ECF No. 24); (2) Defendant's amended motion to dismiss (ECF No. 10), Plaintiff's response (ECF No. 19), and Defendant's reply (ECF No. 21); (3) Defendant's motion to designate a responsible third-party (ECF No. 25); and (4) Plaintiff's second motion for leave to file an amended complaint and reopen discovery (ECF No. 26) and Defendant's response in opposition (ECF No. 29). After careful consideration, the Court issues the following order.

## BACKGROUND

On July 8, 2018, at approximately 4:30 p.m., Plaintiff Brianna Woodhouse was struck on a sidewalk by a Bird electric scooter at 219 E. Houston Street, San Antonio, Bexar County, Texas. ECF No. 1-3 ¶ 6. Plaintiff had taken a few steps out of a restaurant and flew off of her feet and onto her back on the sidewalk. *Id.* ¶ 7.

Exactly two years later, on July 8, 2020, Plaintiff filed her original petition against Defendants Bird Rides, Inc. and Bird Co.[1] and multiple unnamed individual and corporate defendants in state court, asserting negligence and products liability claims for alleged bodily injury she suffered as a result of the collision. Bird timely removed to federal court based on diversity jurisdiction. *See* ECF No. 1. Because the identity of the driver of the Bird scooter was still unknown at the time, his citizenship was disregarded for purposes of the removal. *See id.* ¶ 7 ("The citizenship of a defendant sued under a fictitious name can be disregarded for purposes of determining diversity jurisdiction.") (citing 28 U.S.C. § 1441(b)(1); *Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001)).

Shortly after removal, Bird filed its original motion to dismiss Plaintiff's original petition for failure to state a claim. *See* ECF No. 4.  However, on order of the Court, Plaintiff subsequently refiled her state court petition as a federal complaint (the "Complaint"). ECF No. 9. Because the Complaint included new causes of action and different factual allegations from the state court petition, and the filing of an amended complaint can moot a pending motion to dismiss, Bird filed an amended motion to dismiss (hereinafter, the "Motion to Dismiss") to re-urge arguments previously made and to address new causes of action in Plaintiff's Complaint. ECF No. 10 at 2–3.

In December 2020, the parties represented to the Court during a status conference that they were engaging in discovery in order to identify the driver of the scooter at the time of the collision. Several weeks after the status conference, while Bird's motion to dismiss was still pending, Plaintiff filed a motion for leave to file an amended Complaint adding the alleged driver of the Bird scooter, Darion Hester, as a new defendant in this case. ECF No. 23. Though the proposed

---

[1] The Notice of Removal indicates that "Bird Co." is not an entity associated with Bird and suggests that Plaintiff misidentified Bird Co. as a defendant while naming Bird. ECF No. 1 at 2. As of the date of removal, Plaintiff had not requested a separate service of citation on Bird Co. *Id.*

amendment is timely under the Scheduling Order, *see* ECF No. 15 at 1, Bird argues that the Court should nonetheless deny Plaintiff's motion because the amendment would be futile. *See* ECF No. 24. Specifically, Bird asserts that the amendment would be futile because the naming and service of Mr. Hester would be well outside of the permissible two-year statute of limitations for Plaintiff's claims against the new defendant. *See id.*

If the proposed amendment is permitted, this Court will no longer have subject matter jurisdiction over this case. Plaintiff is a citizen of Texas, and Bird is a citizen of Delaware and California. *Id.* The joinder of Defendant Darion Hester, also a citizen of Texas, will destroy complete diversity and strip this Court of jurisdiction. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (holding remand is required following post-removal joinder of a non-diverse, dispensable party). Because the Court's jurisdiction over this case depends on whether Mr. Hester can be added as a defendant, the Court will address Plaintiff's motion for leave to amend the Complaint before proceeding to Defendant Bird's motions.

## DISCUSSION

### I.  Plaintiff's Motion for Leave to Amend

#### A.  Legal Standard

The Federal Rules of Civil Procedure permit liberal amendment of pleadings. Rule 15(a) provides that "a party may amend its pleading with . . . the court's leave" and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although a district court should generally give a plaintiff at least one chance to amend under Rule 15(a), it is within

the sound discretion of the district court to deny a motion to amend when amendment would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] evinces a bias in favor of granting leave to amend, . . . a district court need not grant a futile motion to amend.") (internal quotation marks and citations omitted).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Fifth Circuit has expressly held that amendments adding claims barred by the statute of limitations are futile. *See Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008) (granting the plaintiff's motion for leave to add new defendants "would have been futile because the statute of limitations barred actions against the [new] defendants"); *see also Winzer v. Kaufman Cnty.*, 916 F.3d 464, 471 (5th Cir. 2019) (affirming district court's denial of the plaintiff's motion for leave to add new claims to the complaint because "those claims were futile as barred by the statute of limitations").

### B.      Analysis

Plaintiff seeks leave to file an amended Complaint adding the alleged driver of the Bird scooter, Darion Hester, as a new defendant in this case, asserting claims of negligence and negligence *per se*. ECF No. 23; *see* ECF No. 23-1. In Texas, "a person must bring suit for . . . personal injury . . .  not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a). Plaintiff's Complaint alleges that her injuries occurred on July 8, 2018. *See* ECF No. 9 at 2. Thus, she was required to file suit against Hester no later than July 8, 2020. Instead, Plaintiff filed suit in state court on July 8, 2020, against a named defendant, Bird, and multiple John and Jane Doe Defendants. *See* ECF No. 1-2.

When a plaintiff adds a defendant after the limitations period has run, Rule 15(c) allows the plaintiff to relate the claims filed against the new defendant back to the date of the original

filing. *See* FED. R. CIV. P. 15(c). To do so, the plaintiff must show both (1) that the added defendant received adequate notice of the original lawsuit, and (2) that the defendant knew that, but for a mistake concerning the identity of the defendant, the action would have originally been brought against the defendant. *Jacobsen v. Osborne*, 133 F.3d 315, 319-22 (5th Cir. 1998). Rule 15(c) is meant to "correct a mistake concerning the identity of the party." *Id.* at 321. "'Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" *Id.* (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)).

Plaintiff's claims against Hester do not relate back to the original petition under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure because a party cannot substitute a "John Doe" defendant with a newly identified defendant for claims that are already time-barred. *Jacobsen*, 133 F.3d at 321. "Where a plaintiff could have obtained the proper identities of intended defendants by greater diligence, failing to identify a party defendant until discovery untimely reveals it is not a 'mistake' or 'misidentification' for purposes of the relation back doctrine under Rule 15(c)." *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 722–23 (S.D. Tex. 2006) (citing *Jacobsen*, 133 F.3d at 320–21 (holding that where change in naming parties was not the result of mistake, i.e., misidentification or misnomer, but because the plaintiff did not originally know the identity of the defendant, the relation-back doctrine does not apply)). Here, there is no evidence that Hester received adequate notice of the original lawsuit or that he knew the action would have originally been brought against him but for a mistake concerning his identity. FED. R. CIV. P. 15(c); *Jacobsen*, 133 F.3d at 319–22. Indeed, Plaintiff concedes that she seeks to amend the Complaint because she was not aware of the identity of the driver who hit her, not because she was mistaken about his identity. *See* ECF No. 23 at 1 ("Since the filing of the complaint, and receipt of discovery

from Defendant, the Plaintiff has determined that the name of the John Doe defendant is Darion Hester."). Accordingly, Plaintiff's claims against Hester do not relate back to the original petition, and any claims against him are barred by the statute of limitations.

Still, where strict application of the statute of limitations would be inequitable, a plaintiff's claims may be preserved by the doctrine of equitable tolling. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). A plaintiff seeking leave to amend to name a defendant in place of a John Doe defendant may be able to show that limitations has been equitably tolled. *Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007) (finding limitations period to be equitably tolled by district court's abuse of discretion in denying plaintiff's discovery motions). To be entitled to equitable tolling, the plaintiff must have diligently sought to discover the identity of the unknown defendant and amend the complaint. *Id.* at 719. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling of limitations. *See Whitt v. Stephens County*, 529 F.3d 278, 283 n.7 (5th Cir. 2008) (delay in amending complaint to name John Doe defendants caused by counsel's incapacitating medical condition and hospitalization was insufficient for equitable tolling).

Here, Plaintiff fails to provide any explanation for her failure to identify the driver of the scooter before July 8, 2020, let alone offer evidence that she diligently sought to discover his identity during that time. Because equitable tolling is not warranted under these circumstances, the Court concludes that granting Plaintiff's motion for leave to file an amended complaint adding claims against Mr. Hester[2] would be futile because the claims against him are time-barred by the applicable statute of limitations under Texas law. *See* ECF No. 24. Accordingly, Plaintiff's motion

---

[2] At a status conference held on May 13, 2021, Bird represented to the Court that, despite its motion to designate Hester as a responsible third-party, there is no evidence at this stage in the litigation that Hester was riding the e-scooter that struck Plaintiff or that he was even involved in the accident. Plaintiff's motion to amend the complaint to add Hester as a defendant was the sole basis for Bird's motion to designate him as a responsible-third party. Accordingly, the Court will dismiss Bird's motion to designate Hester as a responsible third-party as moot. Furthermore, for the remainder of this order, the Court will refer to the individual operating the e-scooter at the time of the collision as the "driver" or "rider" rather than identifying Mr. Hester specifically.

for leave to file an amended complaint (ECF No. 26) is denied. The Court thus retains its jurisdiction over this matter and will proceed to Defendant's Motion to Dismiss.

## II.   Bird's Motion to Dismiss

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### B.   Analysis

#### 1.   Negligence

A negligence claim requires "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). "The threshold inquiry in a negligence case is duty." *Id.*

As a preliminary matter, Plaintiff alleges that Bird is a common carrier because it is in the business of transporting passengers and holds itself out for hire by the public. ECF No. 9 at 5. Thus, Plaintiff argues that, as a common carrier, Bird "is held to a higher standard of care when transporting passengers." *Id.* Bird denies that it is a common carrier, but asserts that, even if it were a common carrier, it would owe a heightened duty to it passengers, not to the general public. ECF No. 10 at 5 n.1. The Court agrees.

As an e-scooter rental company, Bird is not in the business of transporting passengers. Bird is in the business of renting scooters for others to operate. Thus, Bird is not a common carrier subject to a heightened duty. *See Harper v. Agency Rent-A-Car, Inc.*, 905 F.2d 71, 73 (5th Cir.

1990) ("By no stretch of the imagination or of the law can [the defendant rental car company] be considered a common carrier. [The defendant] was not in the business of regularly transporting passengers or things. *It strictly engaged in the business of renting cars for others to operate*.") (emphasis added). Furthermore, even assuming that Bird were a common carrier, any heightened duty would be owed to its passengers—not to pedestrians such as Plaintiff. *See Speed Boat Leasing, Inc. v. Elmer*, 124 S.W.3d 210, 212 (Tex. 2003) ("The rationale for holding common carriers to a higher standard of care when transporting passengers is that *passengers* should feel safe when traveling.") (emphasis added). Thus, to the extent that Bird owes a duty to Plaintiff at all, it is limited to the ordinary duty of care—to use the degree of care that a reasonably prudent person would use to avoid harm to others under the circumstances. *Mason v. Home Depot U.S.A., Inc.*, No. H-18-2306, 2019 WL 6330354, at *4 (S.D. Tex. Nov. 26, 2019) (citing *Mitchell v. Missouri-Kansas-Texas Railroad Co.*, 786 S.W.2d 659, 663 (Tex. 1990)).

As alleged in the Complaint, Plaintiff's negligence claims against Bird appear to fall into four separate categories of duty, alleging that Bird is liable for:

(1) Failing to exercise reasonable care to prevent the subject Bird e-scooter from creating an unreasonable risk of harm to third parties;

(2) Failing to take reasonable care to educate and warn the consumer of its e-scooters about the risk of harm or injury to third parties and about local traffic laws and ordinances;

(3) Failing to adhere to local traffic laws and ordinances; and

(4)  Failing to request a background check on the user of the e-scooter.

ECF No. 9 at ¶¶ 10–19. The Court will address each in turn. Because Bird's alleged failure to adhere to local traffic laws and failure to request a background check are also the basis for Plaintiff's claims for negligence *per se* and negligent entrustment, respectively, those allegations will be addressed separately.

9

### (a)    Failure to Control the Driver

Plaintiff alleges that Bird was negligent for "[f]ailing to exercise reasonable care to prevent the subject Bird e-scooter from creating an unreasonable risk of harm to third parties, such as Plaintiff, *by consumers* who might reasonably be expected to use the subject Bird electric scooter in a foreseeable manner." ECF No. 9 at ¶ 14(a) (emphasis added). The thrust of this claim appears to be that Bird had a duty to prevent *consumers* from harming third parties while operating its scooters. Indeed, by adding the John Doe defendants (and attempting to add the alleged driver) and by asserting in her Complaint that the driver was "unskilled," "incompetent," and "incapable of operating the e-scooter vehicle in a safe and reasonable manner," Plaintiff concedes that her injuries were the result, at least in part, of negligent conduct by the driver. *See* ECF No. 9 at 1, 5–6; ECF No. 23.

To the extent that Plaintiff's negligence claim seeks to hold Bird accountable for the driver's negligence, it fails as a matter of law. In Texas, there is no legal duty to control the actions of third parties, absent the existence of a special relationship. *Lozano v. Baylor Univ.*, 408 F. Supp. 3d 861, 893 (W.D. Tex. 2019) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d at 525). Relationships that can create a duty to control a third party include the relationship between employer and employee, parent and child, and independent contractor and contractee under special circumstances. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d at 525. Plaintiff does not allege that a special relationship exists between Bird and the driver of the scooter that would create such a duty, and the Court cannot locate one in the facts of this case.

At least one other court has concluded that an e-scooter company does not owe a duty to members of the public to control the conduct of its riders. *See Robinson v. Bird Rides, Inc.*, No. 1:19-CV-05295, 2020 WL 2129241, at *1 (N.D. Ga. May 5, 2020). In *Robinson*, the plaintiff was

injured while riding his bicycle when he collided with an unmanned scooter left in the street. *Id.* In dismissing the plaintiff's negligence claims, the district court emphasized that the plaintiff's injuries were directly caused by the acts of an unidentified third-party:

> Plaintiff's very allegation acknowledges the causal conduct of some unknown person — perhaps a Bird customer who discarded the scooter in the road, a prospective customer who found the scooter out of charge as often happens and tossed it aside, a pedestrian who found the scooter blocking a sidewalk and threw it in the road, or someone else. *Plaintiff does not allege that Defendant threw its own scooter into his path. He agrees some other person directly caused his injury.*

*Id.*, at \*2 (emphasis added). Applying Georgia law, which, like Texas, does not impose a duty to control the actions of third parties absent a special relationship, the court held that the defendant scooter company did not owe a duty to control the actor who left the scooter in the road: "At best, the unknown person was a customer, at worst a complete stranger. In any event, the special relationship exception is inapplicable." *Id.* The court acknowledged that, though it was "foreseeable that a customer would discard a scooter in the roadway . . . . mere foreseeability of a danger does not give rise to a duty, particularly over someone with whom an entity has little or no control." *Id.* The court's reasoning is equally applicable to the facts of this case. It may be foreseeable that a Bird customer would collide with a pedestrian, but mere foreseeability does not give rise to a duty to control the conduct of another person.

### (b)   Negligent Failure to Warn

The Court construes Plaintiff's allegations that Bird failed "to educate and warn the consumer of its e-scooters of the risk of harm or injury to third parties" and "to educate and warn the consumer of the local traffic laws and ordinances" as a claim for negligent failure to warn. ECF No. 14(a), (c). In a negligent failure to warn case, a manufacturer has a duty to warn if a reasonably prudent person in the manufacturer's position would warn of hazards associated with the use of its product. *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 591 (Tex. 1986); *Munoz v. Gulf Oil Co.*,

732 S.W.2d 62, 65 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Plaintiff does not allege that Bird manufacture its own scooters. Instead, Plaintiff asserts that it is liable as a non-manufacturing seller under Section 82.003(a)(4) of the Texas Civil Practice & Remedies Code, which provides that a seller may be held liable for harm caused by a product the seller did not manufacture if the claimant can establish that:

> (A)    the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>
> (B)    the warning or instruction was inadequate; and
>
> (C)    the claimant's harm resulted from the inadequacy of the warning or instruction

TEX. CIV. PRAC. & REM. CODE § 82.003(a)(4) (internal lettering omitted). The Complaint alleges that Bird "exercised substantial control over the content of a warning or instruction that accompanied the product," satisfying the first requirement of Section 82.003(a)(4). *See* ECF No. 9 ¶ 21. With respect to the second requirement, Plaintiff appears to allege that Bird's instructions were inadequate in two respects: first, for failing to inform the rider that San Antonio ordinances prohibit operating e-scooters on sidewalks, and second, for failing to provide the rider with the safety warnings contained in the manufacturer's user manual. *See* ECF No. 9 ¶ 25.

To the extent that Plaintiff's claim is based on Bird's failure to properly educate the driver about local traffic laws and ordinances prohibiting the use of e-scooters on sidewalks, her claim fails as a matter of law because there is no such duty under Texas law. "In Texas, there is no duty to inform others of the requirements of the law because all persons are presumed to know the law." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d at 525 n.3.

Plaintiff's allegation that Bird's warnings about the risks to third parties were inadequate lacks sufficient factual support. Plaintiff asserts that "instead of providing the manufacturer's important safety warnings," Bird "provided inadequate and incomplete warnings," without

offering any indication of the content of either set of warnings. ECF No. 9 ¶ 25. Without further factual enhancement indicating *how* Bird's warnings differed from those included in the manufacturer's user manual, the Court cannot reasonably infer that they were inadequate. *See R2 Invs. LDC*, 401 F.3d at 642 (the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

Because the Court concludes that Bird did not owe a duty to control the driver of the e-scooter that collided with Plaintiff or to warn the driver of local traffic laws, Plaintiff's negligence claim fails as a matter of law to the extent that it relies on the existence of either duty. Plaintiff's claim for negligent failure to warn of the risks to third-parties lacks sufficient facial plausibility to survive Bird's motion to dismiss. Accordingly, Plaintiff's claim for negligence must be dismissed.

### 2.    Gross Negligence

Because Plaintiff has failed to adequately plead negligence, she cannot state a claim for gross negligence. *See Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2018 WL 9869532, at *8 (E.D. Tex. Aug. 10, 2018) ("[O]ne's conduct cannot be grossly negligent without being negligent.") (quoting *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied)). Accordingly, Plaintiff's claim for gross negligence must be dismissed.

### 3.    Negligence *Per Se*

"Negligence per se is a tort theory whereby courts use statutes or regulations to define the standard of reasonably prudent conduct." *Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 594 (W.D. Tex. 2002) (citing *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979)). Plaintiff alleges that Bird failed to adhere to local traffic laws and ordinances, including San Antonio, Texas Ordinance Chapter 19, Article VIII, § 19-286. Section 19-286 provides that "[i]t shall be unlawful for any person to drive or propel or park or stand any vehicle upon any

sidewalk." "Vehicle" is defined in §19-1 as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks."

Even if an e-scooter satisfies the definition of a "vehicle" under the ordinance, Plaintiff does not allege that Bird or any of its employees violated the ordinance by driving, propelling, parking, or standing the scooter on the sidewalk. The driver, over whom Bird had no control, would have violated the ordinance, not Bird. Indeed, Plaintiff admits that "[t]he negligence per se claim is directed toward the driver of the scooter." ECF No. 19 at 7. Because all claims against the driver of the scooter are now barred by the statute of limitations, *see supra* Part I.B, and because Woodhouse does not—and cannot—allege that Bird violated Section 19-286, her claim for negligence *per se* must be dismissed.

### 4.    Negligent Entrustment

Plaintiff's Complaint states that Bird is liable for negligent entrustment of the vehicle to the driver of the e-scooter. "The elements of a negligent entrustment claim are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, [incompetent, or reckless]; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident." *AmWins Specialty Auto, Inc. v. Cabral*, 582 S.W.3d 602, 609 (Tex. App.—Eastland 2019, no pet.) (alterations in original). Thus, to be liable for negligent entrustment, the scooter operator must have been an unlicensed, incompetent, or reckless driver, and Bird must have known or had reason to know that the operator was an unlicensed, incompetent, or reckless driver. *Id.*

Plaintiff asserts that Bird should have performed a background check on the driver of the scooter, "including a driver history, habits, accident reports, and/or knowledge of proper use of a

scooter." ECF No. 9 at 6. The Court first observes that, in suggesting that Bird should perform background checks on its customers, Plaintiff seeks to impose a greater duty on an e-scooter rental company than courts in Texas are willing to impose on rental car agencies. *See Bartley v. Budget Rent-A-Car Corp.*, 919 S.W.2d 747, 752 (Tex. App.—Amarillo 1996, writ denied) (rental car agency had no duty to inquire further into driver's competency to drive once he produced valid driver's license). The Court declines to hold e-scooter companies to a more demanding standard of care than car rental companies.

Even if the Court were to impose such a duty, however, Plaintiff fails to allege any facts showing that the background check would have revealed any information suggesting that the driver was unlicensed, incompetent, or reckless. ECF No. 10 at 11. Viewing the allegations in the light most favorable to Plaintiff and assuming that the driver did negligently cause the accident, there are still no facts in the Complaint that would allow the Court to reasonably infer that Bird knew or should have known that the driver was unlicensed, incompetent, or reckless. *See Fernandez-Montes*, 987 F.2d at 284; *Innova Hosp. San Antonio, L.P.*, 995 F. Supp. 2d at 602.

In her response, Plaintiff asserts that Bird "knew or should have known of [the driver's] incompetence because he was unaware of the instructions and warnings provided by the manufacturer." ECF No. 19 at 7. Here, Plaintiff appears to suggest that the Court should accept Bird's allegedly inadequate warnings and instructions, described *infra*, as factual support for the allegation that Bird should have known that drivers would not be able to operate the scooters competently. However, even assuming that the warnings were inadequate and that the driver was incompetent as result of the faulty instructions, mere lack of training is insufficient evidence of incompetence to establish a claim of negligent entrustment under Texas law. *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 910–11 (Tex. 2016) ("Even if [the forklift

operator] was not formally trained and certified, and even if [the warehouse owner] knew that he was not, a lack of formal training and certification does not establish that the operator *was* incompetent or reckless," and could not support the jury's findings against the premises owner on the plaintiff's claim for negligent entrustment). Plaintiff offers no factual support for the inference that a background check at the time Bird entrusted the scooter to the driver would have revealed that he was unlicensed, incompetent, or reckless. Plaintiff's negligent entrustment claim against Bird lacks sufficient facts to render it plausible and must be dismissed.

### 5.    Products Liability (Failure to Warn)

Plaintiff asserts that Bird instructed the general public and similarly situated consumers to "always follow traffic laws and to use sidewalks" and that such instruction directly contradicts the City of San Antonio's warnings that no motor vehicles were permitted on City sidewalks. ECF No. 9 at 7. Thus, Plaintiff alleges that Bird instructed the consumer to misuse the product in a manner not intended by the manufacturer and indicates usage that contradicts local city ordinances. *Id.*

A defendant's failure to warn of a product's potential dangers when warnings are required is a type of marketing defect. *Caterpillar, Inc. v. Shears*, 911 S.W. 2d 379, 382 (Tex. 1995). "[A] marketing defect occurs when a defendant knows or should know of a potential risk of harm presented by a product but markets it without adequately warning of the danger or providing instructions for safe use." *Sims v. Washex Mach. Corp.*, 932 S.W.2d 559, 562 (Tex. App.— Houston [1st Dist.] 1995, no writ). To prevail on her marketing defect claim, Plaintiff must establish: (1) a risk of harm inherent in the product or which may arise from the intended or reasonably anticipated use of the product; (2) that the product supplier actually knew or should have reasonably foreseen the risk of harm at the time the product was marketed; (3) that the product

contains a marketing defect; (4) that the absence of a warning renders the product unreasonably dangerous; and (5) that there is a causal nexus between the failure to warn and her injury. *Id.*

The threshold question for a marketing defect claim is whether a duty to warn exists. *Nester v. Textron, Inc.*, No. 1:13-CV-920-DAE, 2015 WL 9413891, at \*5 (W.D. Tex. Dec. 22, 2015). As with Plaintiff's claim for negligent failure to warn, Plaintiff's marketing defect claim cannot survive to the extent that it is based on Bird's failure to properly instruct the driver on local traffic laws because Texas law does not recognize such a duty. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d at 525 n.3. The Court assumes that, subject to the requirements of Section 82.003(a)(4) of the Texas Civil Practice & Remedies Code, Bird owes a duty to warn riders of the risk of harm that may arise from the reasonably anticipated use of its scooters. Plaintiff's allegation that the warning was defective suffers from the same deficiencies, for now, that require the dismissal of her claim for negligent failure to warn. Specifically, Plaintiff asserts that Bird's warnings were inadequate because they did not include "the manufacturer's important safety warnings." ECF No. 9 ¶ 25. Without some factual allegations explaining *how* the instructions Bird provided to the driver differ from those in the user manual, the Court cannot reasonably infer that the warnings were inadequate.

Bird contends that the Complaint fails to describe a causal connection between the allegedly "inadequate and incomplete" warning provided by Bird and her injury, noting that she fails to allege that the rider who struck her reviewed or relied on any warnings provided by Bird. ECF No. 12–13. The Supreme Court of Texas, however, has adopted a rebuttable presumption that an adequate warning will be read and that the failure to give an adequate warning is necessarily a cause of injury. *See Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 835 (Tex. 1986).

Still, Bird is correct that the Court cannot draw any reasonable inferences from the facts alleged in the Complaint about *how* Bird's inadequate warning might have caused Plaintiff's injuries. But Plaintiff's assertion that the inadequate warnings caused her injuries is implausible *not* because she failed to allege that the driver reviewed or relied on the warnings but because she failed to explain how the warnings were inadequate. The Complaint does not contain any allegations about the contents of the (apparently adequate) warnings in the user manual or about which of those warnings were excluded in the instructions given to the driver. Without a better understanding of how Bird's instructions compared to the manufacturer's, it is impossible to know whether Plaintiff's injuries were the result of Bird's failure to provide the manufacturer instruction concerning, for example, safe driving speeds or proper turn signaling or suitable driving locations. Accordingly, Plaintiff's marketing defect claim lacks facial plausibility and must be dismissed.

### III.   Plaintiff's Second Motion for Leave to Amend

The Court has also considered Plaintiff's second motion for leave to file an amended complaint. ECF No. 26. Bird opposes the motion, arguing that it is premature and procedurally improper, given that it was filed before the Court's order on Bird's Motion to Dismiss. *See* ECF No. 29 at 1–2. The Court need not determine whether the motion should be denied for procedural reasons. As a practical matter, the Court observes that the proposed amended complaint contains multiple claims based on duties that do not exist under Texas law or are barred by the statute of limitations. *See* ECF No. 26-1 ¶¶ 15(a), (f) (alleging claims based on Bird's duty to control its riders and to inform riders of local traffic laws); ECF No. 25 ¶¶ 15(c), (g), (h) (asserting claims against the driver). In the interest of judicial economy, Plaintiff's motion is denied without prejudice. Plaintiff shall be permitted to file a revised amended complaint within ten days of this order.

## CONCLUSION

For the foregoing reasons, Plaintiff's first motion for leave to file an amended complaint to add Darion Hester as a new defendant (ECF No. 23) is **DENIED WITH PREJUDICE**.

Defendant's motion to dismiss (ECF No. 10) is **GRANTED**.

In light of Defendant's representations during the May 13, 2021 hearing, Defendant's motion to designate a responsible third-party (ECF No. 25) is **DISMISSED AS MOOT**.

Plaintiff's second motion to file an amended complaint and re-open discovery (ECF No. 26) is **DENIED WITHOUT PREJUDICE**. However, Plaintiff is granted leave to file a revised amended complaint within ten days of this order.

It is so **ORDERED**.

**SIGNED** this 17th day of May, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE